UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FREEDMAN, LEVY, KROLL & SIMONDS;
PATRICK J. KEARNEY; EMIL HIRSCH,
   *Plaintiffs-Appellants,*

    v.

RICHARD S. MENDELSON, Special
Receiver of Interlase Limited
Partnership Land, Clark, Carrol,
Mendelson & Blair,
    *Defendant-Appellee.*

No. 00-2050

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-00-915-A)

Argued: February 28, 2001

Decided: June 7, 2001

Before WILKINSON, Chief Judge, KING, Circuit Judge,
and Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

---

Affirmed as modified by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Emil Hirsch, Patrick John Kearney, FREEDMAN,
LEVY, KROLL & SIMONDS, Washington, D.C., for Appellants.

John William Toothman, TOOTHMAN & WHITE, P.C., Alexandria, Virginia, for Appellee. **ON BRIEF:** David H. White, TOOTHMAN & WHITE, P.C., Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The law firm of Freedman, Levy, Kroll & Simonds, along with two of its individual attorneys, Patrick J. Kearney and Emil Hirsch (collectively "Freedman, Levy"), appeal an order of the district court for the Eastern District of Virginia, denying their motion for summary judgment and instead granting a motion to dismiss in favor of defendant Richard S. Mendelson. For the reasons stated below, we conclude that Freedman, Levy's suit was properly dismissed, but that it was error to enter the dismissal with prejudice. We therefore affirm the judgment, as modified to reflect dismissal without prejudice.

I.

The instant lawsuit represents an effort by Freedman, Levy to resist a state court's orders to produce files and assets on behalf of the firm's client, White Star Holdings, Inc. ("White Star"). White Star had been embroiled in litigation relating to, inter alia, its asserted rights in certain patents issued between November 1988 and August 1991 for medical laser devices invented by Drs. Kenneth R. Fox and A. Arthur Coster. The patents, which were licensed to Spectranetics Corporation ("Spectranetics") on February 1, 1993, were the subject of a series of assignments and transfers, culminating in White Star's September 11, 1998 acquisition of the patent rights from Interlase Limited Partnership ("Interlase").

Due to concerns that Interlase's assets were being improperly diverted out of the country, the Circuit Court for the County of

Arlington, Virginia ("Arlington Circuit Court") entered an order on September 14, 1998, appointing Mendelson as Special Receiver of Interlase. When, in October 1998, White Star sued Spectranetics in the Eastern District of Colorado alleging breach of the license agreement, Mendelson intervened, claiming that Interlase was the true owner of the disputed patents. The Colorado case was subsequently transferred to the Eastern District of Virginia. In separate proceedings, the Arlington Circuit Court ruled, on December 18, 1998, that any transfer of Interlase's assets, including its patent and patent license rights, constituted a fraudulent conveyance — and thus was void. According full faith and credit to that ruling, the district court, on July 13, 1999, concluded that White Star had "no claim for an interest or rights to the patent License Agreement at issue in their Amended Complaint," J.A. 92, and therefore dismissed White Star's complaint.

Meanwhile, pursuant to the receivership action — and his obligation to identify and collect all of Interlase's assets —Mendelson successfully brought a motion before the Arlington Circuit Court to quiet title to the patents and patent licenses. By its order of June 2, 2000, the Arlington Circuit Court found that such patents and patent license rights "are within the exclusive control of the Special Receiver and may not be transferred or conveyed without the express authorization of the Special Receiver." J.A. 75. Asserting its valid jurisdiction over White Star, the Arlington Circuit Court ordered White Star and its attorneys to "deliver immediately to the Special Receiver all assets of Interlase Limited Partnership within their possession, custody or control." J.A. 80. By subsequent order entered on January 27, 2000 ("Order"), that court made explicit the mandate that Freedman, Levy produce to the Special Receiver all of White Star's files, along with any other assets and information rightfully belonging to Interlase. J.A. 130-31.

Rather than comply, Freedman, Levy filed its complaint in the Eastern District of Virginia on June 27, 2000, alleging, inter alia, that the Order was entered in violation of the Due Process Clause of the Fourteenth Amendment, inasmuch as the Arlington Circuit Court lacked personal jurisdiction and the firm had not been served with lawful process. Mendelson promptly moved to dismiss or for summary judgment, contending that Freedman, Levy's suit was barred by

the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, as well as by the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). Mendelson also argued that Freedman, Levy's complaint failed to state a claim upon which relief could be granted, presenting no justiciable case or controversy.

## II.

Based on its review of the parties' pleadings and supporting documents, the district court issued an order on July 17, 2000, dismissing Freedman, Levy's suit with prejudice. In its accompanying Memorandum Opinion of that date, the district court explained that dismissal was appropriate under *Younger* abstention principles. The court applied the three-factor *Younger* analysis set forth in *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993), finding each factor to be satisfied: first, that the Arlington Circuit Court's orders with respect to Freedman, Levy constitute an ongoing state judicial proceeding; second, that such proceedings implicate the Commonwealth of Virginia's important interest in seeing that its courts' orders are followed and its citizens are protected against fraudulent conveyances; and, finally, that Freedman, Levy would have an adequate opportunity to raise its federal claims in the state court proceedings.[1]

Having determined that *Younger* abstention was warranted, the district court identified the Anti-Injunction Act as an additional, indepen-

---

[1] In concluding that *Younger* abstention was proper, the district court rejected Freedman, Levy's argument that the Order was procured in violation of an automatic stay imposed by the Bankruptcy Court, pursuant to 11 U.S.C. § 362(a). Adding a further wrinkle to this already convoluted matter, on July 1, 1999, Lucre Investments, a Turks & Caicos corporation purporting to be the sole general partner of Interlase, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Georgia. This action was subsequently transferred to the Bankruptcy Court for the Eastern District of Virginia, which entered a sequence of orders suspending the bankruptcy proceedings in deference to the ongoing receivership action in the Arlington Circuit Court. *See* J.A. 248. We agree with the district court that the stayed bankruptcy proceedings do not render *Younger* abstention or the AIA inapplicable.

dent basis for dismissal. The AIA prohibits a federal court from enjoining proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. Finding none of these exceptions to be present, the district court concluded that it was barred by the AIA from granting the injunctive relief requested by Freedman, Levy.

### III.

With the benefit of oral argument and the briefs submitted by the parties, we find ourselves in substantial agreement with the analysis and conclusions of the district court. Thus, we are content to affirm the district court's decision to dismiss Freedman, Levy's complaint under both the AIA and *Younger* abstention principles.[2]

We conclude, however, that the district court erred in dismissing Freedman, Levy's suit with prejudice. This apparent exercise of jurisdiction cannot be reconciled with the court's decision to abstain — either on statutory or equitable grounds — from adjudicating the suit. Having concluded that abstention was proper, the district court should have refrained from passing on the merits, even implicitly. *See, e.g.*, *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1991) ("To say that abstention is in order then is to say that federal courts should not address the merits, period."). Thus, while we affirm the dismissal, we modify the judgment to reflect dismissal "without prejudice."

*AFFIRMED AS MODIFIED*

---

[2]In contending that neither the AIA nor *Younger* abstention principles govern its suit, Freedman, Levy raises a number of issues that were not specifically addressed by the district court. The firm insists, for instance, that its suit seeks only declaratory relief (as opposed to injunctive relief) and is therefore not subject to the AIA; that Freedman, Levy was never properly brought under the state court's jurisdiction, and thus it may seek an injunction as a "stranger" to the state court proceedings; that the relitigation exception to the AIA applies, in light of the Spectranetics litigation; and that, in conducting its *Younger* analysis, the district court overstated Virginia's interest in the suit. We have examined each of these contentions, and we conclude that none warrants reversal of the district court's decision.